# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | | |
|---|---|---|
| PAUL WILLIAMS | * | CIVIL ACTION NO.  09-0130 |
| VERSUS | * | |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits.  The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).   For the reasons assigned below, the decision of the Commissioner is **REVERSED** and the matter **REMANDED** for further proceedings.

### Background & Procedural History

On February 15, 2007, Paul Williams protectively filed the instant application for Title XVI Supplemental Security Income payments.  (Tr. 55-58).  He alleged disability since November 20, 2006, because of "back problems."  (Tr. 63, 77).  The state agency denied the claim at the initial stage of the administrative process.  (Tr. 34-39).  Thereafter, Williams requested and received a January 24, 2008, hearing before an Administrative Law Judge ("ALJ").  ( Tr. 13-33).  However, in a May 30, 2008, written decision, the ALJ determined that Williams was not disabled under the Social Security Act, finding at Step Five of the sequential evaluation process that he was able to make an adjustment to work that exists in substantial numbers in the national economy.  (Tr. 1-10).  Williams appealed the adverse decision to the Appeals Council.

Nevertheless, on December 24, 2008, the Appeals Council denied Williams' request for review; thus, the ALJ's decision became the final decision of the Commissioner.  (Notice of Appeals Council Action; Pl. Brief, Exh. 1).

On January 26, 2009, Williams sought review before this court.  He alleges the following errors:

    (1)    the ALJ's Step Three determination is not supported by substantial evidence;

    (2)    the ALJ's residual functional capacity assessment is not supported by substantial evidence; and

    (3)    the Appeals Council erred by failing to specifically address the additional evidence and argument submitted in conjunction with the request for review.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards.  *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).  Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. at 401. Substantial evidence lies somewhere between a scintilla and a preponderance.  *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).  A finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).  The reviewing court

may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary.  *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

### Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability.  *See* 42 U.S.C. § 423(a)(1)(D).  The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work.  *See* 42 U.S.C. § 423(d)(2)(A).  Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

(1)     An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2)     An individual who does not have a "severe impairment" of the requisite duration will not be found disabled.

(3)      An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

3

(4)     If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5)     If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).  When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

<u>Analysis</u>

**I.     Steps Two and Three**

The ALJ determined at Step Two of the sequential evaluation process that Williams suffers from a severe impairment of degenerative disc disease of the lumbar spine.  (Tr. 6).  He concluded, however, that the impairment was not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process.  (Tr. 7).

Plaintiff contends that the ALJ failed to properly evaluate whether his impairment met the listing for disorders of the spine, i.e. 20 C.F.R. Subpart P, App. 1, Section 1.04A.  Of course, the ALJ is required to discuss the evidence and explain the basis for his findings at each unfavorable

4

step of the sequential evaluation process.  *Audler v. Astrue*, 501 F.3d 446, 448 (5ᵗʰ Cir. 2007) (citing 42 U.S.C. § 405(b)(1)).  Nonetheless, the ALJ's failure to do so does not require remand unless the claimant's "substantial rights" are affected.  *Id.*[1]  A claimant's substantial rights are affected at Step Three when he demonstrates that he meets, or at least appears to meet, the requirements for a listing.  *See, Audler, supra*.

Plaintiff contends that his impairment meets the listing for disorders of the spine.  The relevant section provides:

> 1.04.  Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> > A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); . . .

20 C.F.R. Subpart P, App. 1, Section 1.04A.

To establish that a claimant's injuries meet or medically equal a listing, the claimant must provide medical findings that support all of the criteria for a listed impairment (or most similarly listed impairment).  *See, Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990).[2]  An impairment that manifests only some of the requisite criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 891 (1990).  If the plaintiff fails to

---

[1]  In other words, the ALJ's error may be harmless.  *Audler, supra*. (citing *Morris v. Bowen*, 864 F.2d 333, 334 (5ᵗʰ Cir. 2007)).

[2]  In determining whether a claimant's impairment(s) equals a listing, all evidence in the case record about the claimant's impairments and their effects are considered.  20 C.F.R.  § 404.1526(c).

demonstrate the specified medical criteria, the court will find that substantial evidence supports

the ALJ's finding that listings-level impairments are not present. *Selders*, 914 F.2d at 620.

The instant ALJ considered whether Williams' impairment met or equaled Listing 1.04A.

(Tr. 7).  However, he resolved the Step Three inquiry by reciting the A criteria for Listing 1.04

and summarily concluding that the record did not contain evidence to support the criteria.  (Tr.

7).  Review of the record, however, indicates otherwise.  Breaking down the A criteria for Listing

1.04 into their constituent parts, the record contains evidence to support each requisite

component:

1)   Nerve root compression:  nerve compression (Tr. 99, 118);

2)   Neuro-anatomic distribution of pain:  radiating pain (Tr. 95-97, 175-177);

3)   Limitation of motion of the spine:  decreased spinal extension and/or flexion/ range of motion (Tr. 105, 131-132, 175-177);

4)   Motor loss (atrophy or motor weakness):  inability to heel/toe walk (Tr. 100-101);[3] decreased muscle strength in lower extremities (Tr. 101, 131-132, 175-177);

5)   Sensory or reflex loss:  paresthesia or sensory loss (Tr. 95-97, 115, 175-177); decreased reflexes (Tr. 99-105);

6)   Positive Straight-leg raising test: straight leg raise was 90 degrees on the right and 45 degrees on the left, standing and sitting.  (Tr. 101).

To be sure, the record does contain evidence indicating that at times during the relevant period,

Williams did not exhibit all of the criteria necessary to meet Listing 1.04A.  *See e.g.*, Tr. 132 (no

loss of reflex or sensation).  However, the ALJ did not weigh or otherwise explain his basis for

refusing to credit the significant record evidence that Williams met all of the requirements for

---

[3]  *See* 20 C.F.R. Subpart P, App. 1, Section 1.00E(1), Examination of the Spine.

Listing 1.04A.[4]  The ALJ's failure to adequately discuss the evidence and explain the basis for

his Step Three findings is an error that affects plaintiff's "substantial rights" and requires remand.

*See, Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

## II.      Residual Functional Capacity

The ALJ determined that Williams retained a residual functional capacity for the full

range of light work.  (Tr. 7).[5]  Plaintiff contends that the ALJ's residual functional capacity is not

supported by substantial evidence.  The court agrees.  Neither the claimant, nor any physician has

indicated that Williams is capable of working at the light exertional level.[6]  Instead, the ALJ

---

[4]  In his discussion of plaintiff's residual functional capacity, the ALJ stated that a nerve
conduction study confirmed that plaintiff's radiculopathy was not caused by degenerative disc
disease.  (Tr. 8).  Presumably, the ALJ is referring to an August 29, 2007, nerve conduction study
that posited that plaintiff's neuropathy was caused by underlying diabetes.  (Tr. 154-156).
However, the study did not rule out other causes for plaintiff's neuropathy, and there are no
findings that plaintiff suffers from diabetes.

[5]  Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or
> carrying of objects weighing up to 10 pounds.  Even though the
> weight lifted may be very little, a job is in this category when it
> requires a good deal of walking or standing, or when it involves
> sitting most of the time with some pushing and pulling of arm or
> leg controls.  To be considered capable of performing a full or wide
> range of light work, you must have the ability to do substantially
> all of these activities.  If someone can do light work, we determine
> that he or she can also do sedentary work, unless there are
> additional limiting factors such as loss of fine dexterity or inability
> to sit for long periods of time.

20 C.F.R. § 404.1567(b).

[6]  The closest any physician came to rendering an opinion regarding the work-related
limitations of plaintiff's impairment(s) was the consultative examiner, Dr. Sutherland.  (Tr. 99-
105).  Following his March 24, 2007, examination Sutherland reported that Williams could sit
and walk for a "moderate" amount of time, but only stand for a "short" period of time.  *Id*.
Whatever the temporal definition of "moderate" may be, it is manifest that the ability to only
stand for a "short" period of time does not equate to the six hours needed to perform the full
range of light work.  *See Weary v. Astrue*, 2008 WL 3820989 (5th Cir. Aug. 15, 2008) (unpubl.).

7

appears to have autonomously derived plaintiff's residual functional capacity.  (Tr.  8-9).[7]

However, in the absence of any valid medical assessment or other corroborating evidence to

support the ALJ's residual functional capacity determination, the court is constrained to find that

the ALJ's assessment is not supported by substantial evidence.  *See Williams v. Astrue*, 2009 WL

4716027 (5th Cir. Dec. 10, 2009) (unpubl.) ("an ALJ may not rely on his own unsupported

opinion as to the limitations presented by the applicant's medical conditions"); *Ripley v. Chater,*

67 F.3d 552, 557 -558 (5th Cir. 1995) (substantial evidence lacking where:  no medical

assessment of claimant's residual functional capacity, and claimant's testimony was inconsistent

with ALJ's assessment); *Butler v. Barnhart*, Case Number 03-31052 (5th Cir. 06/02/2004)

(unpubl.) (in the absence of medical opinion or evidence establishing that the claimant could

perform the requisite exertional demands, the ALJ's determination is not supported by

substantial evidence).

---

Apparently recognizing this inconsistency with his residual functional capacity assessment, the
ALJ ultimately assigned little weight to Dr. Sutherland's opinion.  (Tr. 8).
     Plaintiff's own testimony also does not support a residual functional capacity for light
work.  *See* Tr. 26, 73 (cannot walk, stand, or sit too long).

     [7]  In brief, the Commissioner contends that the ALJ's residual functional capacity
assessment is supported by the assessment form completed by a purported non-examining
"medical consultant."  (Tr. 106-113).  However, a "medical consultant" must be an "acceptable
medical source."  *See* Program Operations Manual System ("POMS") DI 24501.001 THE
DISABILITY DETERMINATION SERVICES (DDS) DISABILITY EXAMINER (DE) –
MEDICAL/PSYCHOLOGICAL CONSULTANT (MC/PC).  Here, it is manifest that the assessment form
was completed by a *disability examiner*.  *See* Tr. 113, 34.  There is no indication that a disability
examiner is an acceptable medical source or even a medical professional.  20 C.F.R. 404.1527(f),
416.927(f); 404.1513(d)(3).
     The Commissioner further emphasizes that plaintiff has occasionally worked as a
preacher since the alleged onset date.  (Tr. 19).  Plaintiff stated, however, that he worked three
times in six months and earned approximately $ 225.  *Id.*  This work clearly was not performed at
the substantially gainful level, and in any event, was not sufficiently consistent or persistent to
support a residual functional capacity for light work.

8

### III.    Step Five and Remand

Because the foundation for the Commissioner's Step Five determination was premised upon a residual functional capacity which is not supported by substantial evidence, the court further finds that the Commissioner's ultimate conclusion that plaintiff is not disabled, is likewise not supported by substantial evidence.[8]

Plaintiff urges the court to enter a judgment awarding benefits.  The courts have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. §405(g).  When reversal is warranted,  the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits.  *See Ferguson v. Heckler*,  750 F.2d 503, 505 (5th Cir. 1985); *see also Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence was not substantial and the record clearly showed the claimant's right to benefits).  The instant record is not so disposed.  Step Three requires further consideration and development; additionally, plaintiff's residual functional capacity assessment remains uncertain.[9]

For the foregoing reasons,

The Commissioner's decision is **REVERSED**, and the matter **REMANDED** for further

---

[8]  The court need not reach plaintiff's remaining assignment(s) of error; they may be addressed upon remand – in particular, the additional evidence presented to, but not considered by, the Appeals Council.

[9]  The decision to remand for further consideration is ameliorated by counsel's representation that plaintiff is currently receiving disability benefits.  (Pl. Brief, pg. 9 n.13); *compare, McQueen v. Apfel*, 168 F.3d 152, 156 (5th Cir. 1999) (reversed with instructions to award benefits where claimant was without disability benefits for years).

proceedings in accordance with this opinion.

THUS DONE AND SIGNED at Monroe, Louisiana, this 15th day of March 2010.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE